No. 67

WELSH v. STATE

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1299. Decided October, 1925

896. PENAL STATUTES—Where the sentence of a female is irregular as being against statutory provisions, it is not void, but is a bar to a second sentence calculating to correct the irregularity after defendant has entered upon execution of the first sentence.

ALLREAD, J.

Jessie Welsh was convicted in the Franklin Common Pleas for unlawful possession of intoxicating liquors and fined $750 and costs and to stand committed to the county jail until the fine and costs were paid or until otherwise released according to law. The sentence was entered on November 12, 1924, and on December 11, on motion of the Prosecutor, the sentence was vacated and a new sentence entered imposing a fine of $730.00 and costs and Welsh's committment to the Ohio Reformatory for Women at Marysville until the fine was paid.

A motion for a new trial was filed in behalf of Welsh which was overruled whereupon error was prosecuted to the Court of Appeals, the petition in error alleging that she was imprisoned in jail from the date of the first sentence to the date of the second sentence. The question raised, therefore, was whether the committment and imprisonment of Welsh under the first sentence is a bar to the Court's right to re-sentence. The Court of Appeals after sustaining the allegation in the petition as to the imprisonment of Welsh held:

1. The first sentence of November 12, 1924, while irregular, was not void; and notwithstanding the fact that the sentence was journalized, the court still had power to modify the sentence so as to conform to the statute requiring the sentence of all female defendants exceeding thirty days to the Ohio Reformatory for Women.

2. The distinguishing difference between this case and the Fenwick case, 110 OS. 350, is that in the latter case the sentence was not entered on the journal and the defendant was not committed to jail, the imprisonment of Fenwisk being custodial only.

3. The first sentence was not void, but erroneous and the court could not set it aside after Welsh had entered upon the execution of it.

4. The second sentence cannot be regarded as a mitigation of the first sentence as the institutions are for similar purposes, one being more adaptable for female prisoners than the other. The re-sentence was prejudicial and the State was bound by the first sentence.

5. The second sentence is reversed and cause remanded with instructions to discharge Welsh after imprisonment of 30 days under the first sentence.

Attorneys—Paul M. Herbert for Welsh; John R. King, Ray E. Hughes for State, all of Columbus.